## WILKINS v. HINRICHS et al.

No. 25592.    May 19, 1936.

Rehearing Denied July 1, 1936.

James M. Hays, for plaintiff in error.

Keagy & Williams, for defendants in error.

PHELPS, J., This was an action in the district court to enjoin defendants from collection of a judgment they had obtained against plaintiff in a justice of the peace court. Plaintiff's theory in the trial court was that the judgment in the justice court was void. The district court denied the injunction and dismissed the petition, and plaintiff appeals. Without stating all the facts, it is sufficient for the purpose hereof to determine whether the justice of the peace judgment was void; if it was not void. the district court judgment should be affirmed.

The defendant in the justice court, who is plaintiff in the present action, was served with summons upon the original bill of particulars. Thereafter an amended bill of particulars was filed, a copy thereof was furnished the attorney for the then defendant (plaintiff in this action), but no further summons was issued. It is now contended that the judgment taken upon the amended bill of particulars is void because no new summons was issued thereon.

We have carefully examined and compared the original bill of particulars with the amended bill of particulars. The latter was merely an elaboration of the former. The original bill asked judgment for $40 on promissory notes and $41.18 on an account. The amended bill asked judgment in the same amount, but made a separate cause of action of each note and the account. It is thus apparent that the recovery on the amended bill of particulars was in substance on the same causes of action, the same theories, and for the same amount as delineated in the original bill of particulars, upon which summons was served.

Section 879, O. S. 1931, permits amendment of the bill of particulars at any time

before the trial or during the trial or upon appeal, to supply any deficiency or omission in the items thereof, when by such amendment substantial justice will be promoted. We discover no error in these proceedings. The judgment is affirmed.

OSBORN, V. C. J., and RILEY, BUSBY, and GIBSON, JJ., concur.